HENRY DITTMER, Appellee, v. H. MIERANDORF ET AL., Appellants.

**Boundaries:** LOCATION OF CORNERS: EVIDENCE. In a proceeding to establish a lost section corner, the evidence that a certain point had been commonly known and recognized by the adjoining owners and road officers, and marks and monuments corroborating the theory that the same was the corner designated by the original survey, is held to control over the *ex parte* statement of commissioners, who ignored the same and pro-

ceeded to locate a corner from a survey of their own by means and measurements from other corners claimed to have been recognized and established.

*Appeal from Sioux District Court.*— Hon. Wm. Hutchinson, Judge.

Thursday, July 9, 1908.

The opinion states the case.— *Reversed.*

*G. T. Hatley,* for appellant.

No appearance for appellee.

Weaver, J.— The subject of controversy in this case is the location of the common corner of sections 2 and 3, in township 94, range 46, and sections 34 and 35, in township 95, range 46, in Sioux county, Iowa. The plaintiff, who is the owner of a tract of land affected by such location, brought this action under the statute, claiming that the true location thereof as fixed by the original government survey, had been lost, and asked the appointment of a commissioner to make the necessary survey, and report the result thereof to the court. Acting upon this petition, the court appointed two surveyors, and commissioned them to make the survey, and to take testimony bearing on the location of said corner. Having qualified under said appointment, the commissioners proceeded to take the testimony of the parties and their witnesses concerning the location of the corner in question and the existence of alleged marks and monuments relating thereto. The evidence so taken was reduced to writing, and returned into court with their report. In their report the commissioners practically reject all the testimony of the witnesses produced before them as being immaterial or inconclusive, and proceed to state what they find and determine to be the true location as indicated by their own survey. This survey they state was made by going to certain other corners de-

scribed as being " definitely located and undisputed," and measuring therefrom to other corners, which they also describe as being "definitely located and undisputed," and from these measurements they deduce the location of the corner in dispute. The commissioners did not testify as witnesses upon the hearing in court, and nothing appears in their report or elsewhere in the record to indicate by what means they ascertained or knew or determined that the fixed points from which they found the location of the lost corner were in fact government corners, or that they had been or were definitely located and undisputed. They concede that their measurements do not tally with the minutes of the original government survey, but conclude, after a comparison with other measurements in the same neighborhood, that all actual measurements of lines in that vicinity overrun the measurement recorded by the government surveyors, and that the discrepancy in the present instance is only such as could reasonably be expected under these circumstances. To this report the defendant objected on the ground that the findings of the commissioners were not justified by the evidence, and upon the further grounds that the evidence clearly and affirmatively established the fact that said common corner was at a point which had been fixed and settled by a former survey and established by the judgment of the district court theretofore rendered under date of January 16, 1894. For these reasons the defendant moved the court that the findings of the commissioners be set aside, and that the corner be adjudged to be confirmed and established in accordance with the prior judgment referred to. The district court overruled the objections to the report, and confirmed the findings of the commissioners, and ordered the establishment of the corner in accordance therewith.

To a full understanding of the merits of this appeal, it should further be said that the litigation over this corner had its inception in the year 1893, when a proceeding was begun in the district court for its establishment. In that proceed-

ing all of the alleged owners of land affected thereby were named as parties plaintiff or defendant, and judgment was entered as above suggested under date of January 16, 1894, establishing said corner at the point which is now contended for by the appellant herein.   It subsequently appeared that a mistake had been made with reference to the ownership of one tract of the land, and that the real owner thereof had not been served with notice or brought into court.   As to this party, the judgment of January 16, 1904 has since been held not to be of any force or effect.   See *Dittmer v. Mierandorf,* 129 Iowa, 644.   The corner as now fixed upon by the commissioners' report is some thirty-three feet north and twenty-nine feet east of the point fixed by the prior judgment.   The public highway has been laid out and worked for many years, and adjoining lands have been used and occupied with reference to the corner as recognized by the prior judgment.   An examination of the entire record leads us to the conclusion that the trial court was in error in overruling the objections to the commissioners' survey.   The testimony of the witnesses is substantially undisputed to the effect, not only that this latter corner was the one commonly observed and recognized by the adjoining property holders and by the road officers, but this claim was still further strengthened by the testimony of witnesses as to marks and monuments, corroborating the theory that this was in fact the common corner of the four sections above described as fixed by the original survey. On the other hand, the commissioners, who wholly disregarded the testimony of the witnesses produced before them, and proceeded to make a survey of their own, were not produced as witnesses on the trial, and the court was left to rely solely upon their unsworn written report.   In this report we have, as already noted, simply their *ex parte* statement that they began and measured from certain " recognized or established " corners.   Upon what this conclusion was based the record affords no light.   The appellee has not seen fit to assist this court by appearing to the appeal or filing a brief

in support of the judgment below, and, after giving the case a careful examination, and after according to the judgment below all the presumptions which the law raises in its support, we are still of the opinion that the clear, if not conclusive, weight of the testimony is against the finding of the commissioners, and that the objections thereto by the appellant should have been sustained. It follows that the judgment appealed from must be reversed and cause remanded for further proceedings in harmony with this opinion.— *Reversed.*